IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY .

Larry E. Ealy
     Plaintiff

Case No.: 3:19cv22 GFVT

JUDGE:
MAG:

vs.

Prosecutor William G. Knoebel

    Defendant etal

Eastern District of Kentucky
F I L E D

APR 02 2019

AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

Plaintiff brings this complaint under 42 U.S.C. Section 1983, and the Kentucky Tort Claims Act, Biven Act, 42 U.S.C.14141 Pattern of Practice, Malicious Prosecution , false imprisonment, false arrest, illegal detention, racial indifference, malice, spite and ill will including and not limited to the First, Fourth, Fifth, Sixth , Eighth, Thirteenth and Fourteenth Amendments to the U.S. Constitution.

The court has jurisdiction of this action (28 U.S.C. Sec. 1343) and of the parties.

Venue is proper in this judicial district as the incident complained of occurred in this district.  See Sixth Amendments to the U.S. Constitution.

Plaintiff alleges as follows:

## PARTIES

1.  Plaintiff Larry E. Ealy is an individual who is a resident of the City of Muncie Indiana.

2.  Defendant Prosecutor William G. Knoeble 223 Main St Florence, KY 41042-2026 Boone County.

## FACTUAL BACKGROUND

3.  On September 4, 2018 the Plaintiff was traveling North Bound in a 2003 Chevy Tahoe that he had purchased for 385.00 dollars in late July from a Shay Morgan out of Dayton Ohio.

4. While returning from the State of Mississippi from his sister's wedding while still in the Tahoe on or about 9:18 am the Plaintiff was stopped by a Kentucky State Policeman for allegedly speeding, the district was Gallatin County Kentucky.

5. The Officer who stopped the plaintiff had informed him that the vehicle had been reported stolen out of Ohio; then and there the Plaintiff was placed under arrest for receiving stolen property out of Ohio.

6. On or about the 7th day of September the Plaintiff bailed out of jail having posted 10 thousand cash a surety.

7. On December 14, 2018 an indictment was returned for receiving stolen property of a motor vehicle out of Ohio.

8. As mentioned in the opening statement the vehicle was purchased in late July from a woman by the name of Shay Morgan out of Dayton Ohio, Montgomery County District.

9. The indictment lacked the statutory language to have properly been charged with receiving stolen property out of the State of Ohio jurisdiction because the defendant. a. failed to investigate where the vehicle came from it was not hard to find out the vehicle had been purchased for 385.00 dollars. b. Statutory information concerning the theft of the vehicle was left out. See *RCr 6.02(1) states: "All offenses required to be prosecuted by indictment pursuant to Section 12 VI INDICTMENT AND INFORMATION RCr 6.02 Use of indictment and information; c. All offenses* required to be prosecuted by indictment pursuant to Section 12 of the Kentucky Constitution shall be prosecuted by indictment unless the defendant waives indictment by notice in writing to the circuit court, in which event the offense may be prosecuted forthwith by information.

10. The defendant never waived the indictment process but it was defective and insufficient.

11. According to section 12 all other offenses shall be prosecuted by indictment, information, complaint, post-arrest complaint, or, in the case of traffic offenses or fish and wildlife offenses, may be prosecuted by uniform citation.

12. No traffic citations was provided at the scene, but the defendant charged them in the indictment but they should have been dismissed.

13. It's assumed that the indictment is insufficient because it was without any information on the location, time and place of exactly when and where the stolen property was received, the arresting officer confirmed that the offense occurred in Montgomery County Ohio and the defendant at the time could only concur that it was where it occurred and it is not known of who filed the complaint because the Commonwealth had not provided that information in the indictment rendering it insufficient and deficient.

14. In February the Plaintiff met with the Gallatin County PD attorney he had no idea how the Plaintiff was indicted and formally charged.

15. It was concluded at the end of the meeting that in order for the Plaintiff to get an indictment out of another State the Prosecuting Attorney had to have mislead the grand jurors into believing that the Plaintiff committed interstate commerce in trafficking stolen automobiles or its parts. It makes since because the indictment only mentioned the Kentucky Statutes for receiving stolen property and had no information when and where the receiving took place because if the defendant had found out where the property came from he would have found out that it was purchased from Ms. Morgan in late July of 2018.

16. The Plaintiff caught up with Shay Morgan on February 22, 2019 and explained to her that he had been charged with receiving stolen property concerning the vehicle that he had purchased from her in late July, she stated that she did not know that the vehicle had been stolen either, then she stated that she was ordered to sell it as junk because the person who she said owned it was in the Montgomery County jail and needed money.

17. How the Plaintiff met Ms. Morgan was due to the fact that another person whom the Plaintiff knew stated that Ms. Morgan needed a tire changed on the vehicle in question, when the work was done Ms. Morgan asked the Plaintiff would he like to purchase the vehicle for 400.00 dollars, the Plaintiff informed Ms. Morgan that he may be able to come up with 385.00 dollars and she took the money and the Plaintiff took the vehicle not knowing whether it was in running condition or not.

## COUNT I – FIFTH· AMENDMENT DEPRIVATION OF DUE PROCESS OF LAW
(Against William G. Knoeble Defendant Gallatin County Kentucky)
Plaintiff incorporates the preceding paragraphs 17 by reference herein.

18. Plaintiff states that William G. Knoeble appeared before the Gallatin County Grand Jurors and gave them false and misleading information and demonizing and ruining the reputation and good name of the Plaintiff by stating that he was a part of an organized crime ring in the theft of motor vehicles out of Ohio, Kentucky and other States.

19. The  Plaintiffs states that his right to be free from unlawful detention, false arrest and slandering of his good name was protected under the First, Fourth Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution.

20. As a result of Defendant William G. Knoeble and the other Officers conduct, Plaintiff suffered damages.

21. Defendant William G. Knoeble illegal acts and failure to act willfully, knowingly and purposefully and/or with deliberate indifference to deprive Plaintiff of his Constitutional Rights after failing to investigate the situation with said motor vehicle.

## COUNT II – UNREASONABLE SEARCH AND SEIZURE

## (SEPTEMBER 4, 2018 TRAFFIC STOP RE: ARREST)

(Against Defendant and Several Unknown Police Officers and Defendant William G. Knoeble and the Corresponding Police Officers)

 Plaintiff incorporates the preceding paragraphs 21 by reference herein.

22. As a result of the "routine" traffic stop,  Plaintiff was held  in custody from September 4, 2018 until September 7th 2018 because the bail was excessive and un-warranted and violated the Fourth and Eighth Amendments to the U.S. Constitution.

23. Several Officers detained Plaintiff for such an unreasonable amount of time.

24. The Officers constructively placed Plaintiff under arrest.

25. During this arrest, Plaintiff was handcuffed, and driven To a Jail somewhere in Gallatin County Kentucky.

26. The officers lacked probable cause to arrest Plaintiff because the vehicle was purchased with U.S. Currency in the sum of 385.00.

27. The officers did not obtain a warrant to arrest Plaintiff.

28. The officers deprived Plaintiff of his Fourth Amendment rights to be secure in his person by arresting him.

29. The arrest of Plaintiff was wrongful, without probable cause and deprived Plaintiff of his Fourth Amendment right to be free of unreasonable seizures.

30. The actions of officers proximately caused damages to Plaintiff in loss of liberty, embarrassment, humiliation, pain and suffering and mental and emotional distress.

31. The officers acted willfully, knowingly and purposefully and/or with deliberate indifference to deprive the Plaintiff of his Constitutional Rights.

32. As a result of the nature of Defendants' conduct, Plaintiff is entitled to recover punitive damages against the individual Defendants.

33. The actions of the officers were the result of wither a lack of training and supervision or a de facto policy of failing to comply with Fourth Amendment Standards on the part of Gallatin County.

## COUNT III – BIVENS ACT UNREASONABLE USE OF FORCE SEARCH AND SEIZURE
(September 4, 2018)

Plaintiff incorporates the preceding paragraphs 33 by reference herein.

34. (Defendant William G. Knoeble) and several Unknown Others lacked personal and subject matter jurisdiction and or probable cause to order the Plaintiff into Court because of the false indictment that lacked sufficient evidence altogether.

35. The Prosecutors intent was to illegally prosecute and convict the Plaintiff causing harm to his trade and business in violation of life liberty and property guaranteed by the Fourteenth Amendment.

36. As a result of the false statements made by Defendant William G. Knoeble it led to false charges false imprisonment, and malicious prosecution by way abuse of process thus the Plaintiff has suffered psychological, mental and emotional damages.

COUNT IV- Implementing §14141 "Pattern or Practice" Slavery and Oppression:

37. Evidence from the records sustain a Pattern of Practice of Conduct and this is not the only case having been maliciously and falsely prosecuted by Defendant William G. Knoeble where several Police Agents and Agencies under Defendant William G. Knoeble and his conduct sustains a pattern of practice of, false imprisonment, false arrest, illegal detention, racial indifference, malice, spite and ill will.

38. The Plaintiff incorporates that he suffers and has suffered emotional distress because Defendant William G. Knoeble actions suggest that he despises African Black Colored People where he is White/Caucasian and considers Blacks as persons not protected by the Constitution in the State of Kentucky well.

39. Defendant William G. Knoeble in a rage against African Americans began vexing stalking, vexing, harassing, and intimidating the Plaintiff who is Black, Colored Male who has been harassed by this prosecution on a daily basis after the initial encounter with Defendant William G. Knoeble Greene on since the indictment phase on December 14, 2018.

40. The actions of the Defendant William G. Knoeble and the other officers were the result of and lack of training and supervision or a de facto policy of failing to comply with State and Federal Standards on the part of the Kentucky Rules and Civil /Criminal Procedures.

COUNT V- Human Rights Violations and 42 U.S. Code § 1985 -1-2-3 Conspiracy to interfere with The Sixth Amendment to the U.S. Constitutions and health and welfare:

41. Defendant William G. Knoeble had strategically intended to come after the Plaintiff his act was and is a cut clear Human and Civil Rights Violation to Oppress and enslave the Black African Colored citizenry of this State and Surrounding States on the Count of Race Creed and Color of certain Humans where he set out to injure and curtail their civil liberties and State Court of Rights.

42. The Sixth amendment provides, that, "in all criminal prosecutions the accused shall enjoy the right-to be informed of the nature and cause of the accusation.

43. Defendant William G. Knoeble violated this Amendment when he infringed on the rights of criminal defendant by withholding the right to know who the accusers are and the nature of the charges and evidence against him.

44. Defendant William G. Knoeble withheld the nature of the charges and evidence because he committed perjury to the Grand Petit Jurors.

45. Defendant William G. Knoeble deprived the Plaintiff of protection meant to ensure that the accused receives a fair trial.

46. Defendant William G. Knoeble deprive the Plaintiff the right to try the case in State in which district wherein the crime was claimed having occurred or was committed.

47. Defendant William G. Knoeble gave the Grand Petit Jurors false information so that he could take personal and subject matter jurisdiction from the actual district that was previously ascertained by law.

48. Defendant William G. Knoeble withheld information within the indict and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor.

49. If we didn't have these rights in the sixth amendment, we might be accused of a crime such as murder or robbery, even though you are innocent. This might happen because in the sixth amendment you have the right to a speed and public trial. This means that if we don't have a public trial, people who are witnesses.

## COUNT VI-, HB 463

50. Defendant William G. Knoeble has violated and continue to contribute to jail and prison over crowing by falsely indicting citizens with false and misleading information and by withholding evidence favorable to a criminal defendant if the Grand Petit Jurors had been instructed that the vehicle had been reported stolen out of Ohio and the Plaintiff had purchased it for the sum of 385.00 dollars the outcome would have been different because the knowingly received stolen property would have been challenged.

51. In 2011, HB 463 was signed into law in aid of the incarcerated, and Defendant William G. Knoeble was well aware that there was a promise made by the State Legislature of significantly reducing the level of incarceration.

52. Defendant William G. Knoeble has flat-lined the incarceration rate, largely due to resistance to be fair before the grand jurors where he is fully informed that the process is secure.

53. Defendant William G. Knoeble is in full resistance to the Bills implementation of its provisions.

54. Defendant William G. Knoeble Consequently, has contributed to the high incarceration rate since he has been in office we are talking about the 1,600 or more inmates that he has helped to add to Kentucky prison population, the equivalent of more than another full capacity prison.

55. This case has also has produced evidence of who what and how the dire effects on our jails, which are dangerously overcrowded.

56. Prosecuting Defendants like William G. Knoeble are violating state and federal laws because in the State of Kentucky currently there, 11,397 state inmates are serving time in jail, many of them sleeping on floors, most of them receiving no programming, treatment or preparation for re-entry into our communities.

57. Defendant William G. Knoeble with stock in the Prison system has no problem coming after poor and unrepresented citizens where ever he can put his clutches in to them.

58. Based on the evidence presented Kentucky puts more of its citizens in county jails to serve a felony sentence than any state other than Louisiana.

COUNT VII-, VIOLATIONS OF SENATE BILL (H.R. 5682) FIRST STEP ACT

59. Prosecuting Defendants like William G. Knoeble having compromised the Acts of Congress by having doing something as evil as this and it should haunt law makers both democrat and Republican for a very long time.

60. Only Congress can fix this problem but Prosecuting Attorney Defendant William G. Knoeble opposes the First Step Act, and any good act of Congress and Donald Trump.

61. People in general don't like Donald Trump and some members of Congress for any reason they can come up with and this Attorney Defendant knows this and until now has been able to perpetrate his oppression and racial indifferences in secret.

62. This particular defendant has come up with a scheme a sort of sophisticated plot which is unique in style but he is not acting alone, only time and litigation will root out the other unknown perpetrates against the State and Federal Constitution to wit.

63. The Plaintiff had never stopped or visited the town of Gallatin until he was stopped that day and he quickly realized soon after he bailed out that this was more than a routine traffic stop where this employee in a small town in Gallatin Kentucky believing that he is superior over ha bunker himself in a position of power undetected by most and has conspired to injure the average Joe in society.

64. The Plaintiff is not a lawyer but he can see and detect corruption and dishonesty when t occurs, this attorney has a secrete agenda finally exposed.

65. This evil unveiled has dived different races of people and has destroyed and separated people from their love ones on many different occasions.

66. Races of people have fought against each other and never knew that it was one or two perpetrators causing the indifferences as shown here.

67. This act has been going on for decades and will continue if it's not stopped right here right now today.

68. We have division and continued racial hatred in our society but the first step did pass though barley as millions of people having been locked up for decades deserve another chance, the overwhelming support cannot be compromised by the illegal acts of this particular Prosecuting attorney.

69. This Act passed with overwhelming support from Republicans and Democrats.

70. Even though this act only affects federal prisons but it's the influence and evil that lurks in the State Courts that perpetrate the good acts of the President and that of Congress.

71. Prosecuting Attorney Defendant William G. Knoeble was hired to take modest steps to alter the criminal justice system in a positive way and ease very punitive prison sentences at the State level.

72. Reform is way overdue, it is time for our policymakers to focus on the actions of Prosecuting Attorneys Actions as demonstrated by William G. Knoeble asking for a full probe and tough approach to longstanding criminal injustice issues.

## COUNT VIII- INVOLUNTARY SERVITUDE:  Thirteenth Amendment

73. Prosecuting Attorney Defendant William G. Knoeble having Conspired to Deprive the Plaintiff of his personal and Constitutional Rights by use of legislations acts and bills, knowing that a Court may not challenge the sufficiency of an indictment during any given proceeding.

74. Defendant William G. Knoeble knew from his pattern of consistency of illegal practice he believed that he could continue to violate the Thirteenth and Fourteenth Amendments by falsification of evidence before the Grand Petit Jurors on the date in question.

75. The Grand Petit Jurors Procedures allow rouge Prosecuting Attorneys like Defendant William G. Knoeble certain types of privilege secrecy, allowing the exercising of his racial hatred and indifferences although having been secured by the U.S. Constitution as ratified under Congress and passed by the Senate on April 8, 1864, and by the House on January 31.

76. **Thirteenth Amendment (Amendment XIII)** to the United States Constitution abolished slavery and involuntary servitude, except as punishment for a crime, but if Defendant William G. Knoeble can curtail the Constitution by illegal use of the Grand Petit Jury Process then we haven't evolved from Slavery and Oppression at all its just perpetrated under another form of State laws by persons posing to be something that they are not.

Respectfully submitted
Larry E. Ealy _____

**28 U.S. Code § 1746.** Unsworn declarations under penalty of perjury

This action having been executed within the United States, its territories, possessions, or commonwealths and I the Plaintiff having declared and verified by statements made under penalty of perjury that the foregoing is true and correct. Executed on (25th day of March 2019).

Respectfully submitted

Larry E. Ealy

**JURY DEMAND**

Plaintiff hereby demands trial by jury.

**REQUEST FOR RELIEF**

Plaintiff incorporates the preceding paragraphs by reference herein.

**WHEREFORE,** Plaintiff seeks the following relief:

I. Actual and compensatory damages sufficient to **Civ. R. 8a** make him whole again.

II. Punitive damages against Defendants sufficient to punish them and to deter further.

**Wrongdoing;**

III. Treble damages;

IV. Injunctive relief sufficient to protect Plaintiff and his family from ongoing harassment of the State and local Agents from intimidation by Defendants or any other agencies that may be associated with complaint.

V. Legal and other' fees, litigation expenses, costs, pre- and post-judgment interest as provided by law; and

VI. Such other and further relief as the Court deems just and proper.

Respectfully submitted

Larry E. Ealy

2614 S. madison st

Muncie Ind. 47302