UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| LARRY E. EALY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil No. 2: 19-50-WOB |
| | ) | |
| V. | ) | |
| | ) | |
| WILLIAM G. KNOEBEL, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Larry E. Ealy is a resident of Muncie, Indiana. Ealy has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1] This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 1915(e)(2).[1]

In his complaint, Ealy indicates that in September 2018 he was driving north through Gallatin County, Kentucky when he was pulled over for speeding by an unnamed officer of the Kentucky State Police. The officer then advised him that the vehicle had been reported stolen in Ohio, and Ealy was arrested for receiving stolen property. Ealy posted bail and was released from custody three days later. In December 2018, Ealy was charged with receiving stolen property. Ealy contends the indictment obtained by William Knoebel, a prosecutor in Gallatin County, was defective because it did not set forth the information necessary to properly charge an offense and because a proper investigation would have revealed that he had legally purchased the vehicle. [R. 1

---

[1] When testing the sufficiency of the plaintiff's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

1

at Page ID #1-3] Ealy makes no allegation regarding the disposition of the criminal charges against him. However, the Court takes judicial notice that as of this writing the criminal charges against Ealy remain pending in the Circuit Court of Gallatin County, Kentucky in *Commonwealth v. Ealy*, No. 18-CR-00084 (Gallatin Cir. Ct. 2018).[2]

From these events Ealy asserts a wide variety of claims. He asserts that the arresting officer lacked probable cause to arrest him, did not obtain a warrant, and detained him for an unreasonable amount of time. He also complains that excessive bail was imposed in his criminal case. He further contends that defendant Knoebel presented false information to the grand jury in violation of the Fifth Amendment and violated the "Bivens Act Unreasonable Use of Force Search and Seizure" by obtaining an indictment without sufficient evidence. He also purports to assert a claim under "§14141" under which he appears to assert that Knoebel prosecuted him as part of a pattern and practice of race-based discrimination. Ealy also refers to 42 U.S.C. § 1985 but complains that his Sixth Amendment rights were violated in the criminal case based upon the same allegedly false statements to the grand jury and the assertedly insufficient indictment. Ealy purports to assert a claim that Knoebel contributed to jail overcrowding contrary to "HB 463"; violated "Senate Bill (H.R. 5682) First Step Act"; and violated the Thirteenth Amendment's prohibition against slavery by presenting false evidence to the grand jury. [R. 1 at Page ID #4-7]

As noted above, the criminal charges against Ealy remain pending. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that federal courts should not exercise jurisdiction over civil matters in any fashion that would interfere with ongoing state criminal prosecutions absent truly extraordinary circumstances. *Id.* at 44. The rule is "designed to permit

---

[2] See https://kcoj.kycourts.net/CourtNet/Search/Index (last visited on April 26, 2019).

state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). Accordingly, the Court would be required to decline to exercise jurisdiction over any claims related to the presence of probable cause, false arrest or imprisonment, the validity of the grand jury proceedings, the sufficiency of the indictment, and malicious prosecution out of concern with possible interference with pending criminal proceedings. Of course, if Ealy is ultimately convicted of the criminal charges about which he complains, *Heck v. Humphrey*, 512 U.S. 477 (1994) will present a bar to many of his claims.

But abstention is not necessary here because Ealy's complaint is subject to dismissal on several other grounds. First, while Ealy complains of the arresting officer's conduct in several respects, he did not name him as a defendant in the complaint, and such claims must be dismissed. Second, Ealy complains that throughout the criminal proceedings, prosecutor Knoebel violated his constitutional rights by making false statements to the grand jury, filing a legally-insufficient indictment, and essentially engaging in racial profiling. But even if wrongful or discriminatory, all of the actions about which Ealy complains were undertaken by Knoebel "within the scope of his duties in initiating and pursuing a criminal prosecution." *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). Accordingly, he enjoys absolute quasi-judicial immunity for them, even when they involve the solicitation or presentation of false testimony or improper discrimination. *Adams v. Hanson*, 656 F. 3d 397, 401-03 (6th Cir. 2011) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)).

Ealy's reference to "§ 14141" is likely intended to refer to the law enforcement misconduct statute, since re-codified at 34 U.S.C. § 12601. But that provision vests enforcement authority exclusively with the United States Attorney General, and he may not assert a private right of action under it. 34 U.S.C. § 12601(b); *Awah v. Bd. of Educ. of Balt. Cty.*, No. WMN-09-CV-1044, 2010

WL 1929908, at *2 (D.Md. May 11, 2010). Ealy also refers to "HB 463" and the First Step Act, but neither applies to him nor provides a private cause of action. The former is Kentucky law which enacted reforms regarding rehabilitation programs available to Kentucky inmates and probation supervision; the latter effected changes to federal sentencing and prison programming. But Ealy is neither a state nor a federal prisoner; he is a pretrial detainee. Because Ealy's complaint does not state any viable claims against prosecutor Knoebel as the sole defendant, it must be dismissed.

Finally, the Court takes judicial notice that Ealy has an extensive history of frivolous and abusive litigation in the United States District Court for the Southern District of Ohio and the United States Court of Appeals for the Sixth Circuit. The former imposed filing restrictions against Ealy in 2009 after he filed dozens of lawsuits against state and local officials, and thereafter expanded his range to include state and federal judges. In that Court Ealy is required to obtain prior permission from the Court before filing any new lawsuit. See *Ohio v. Ealy*, No. 1: 09-CV-245 (S.D. Ohio Apr. 24, 2009). After restrictions were imposed, Ealy began attempting to circumvent them by using an alias and filing suits in district courts in other states, including Indiana, Mississippi, and elsewhere. Those courts promptly responded by transferring his complaint to the proper venue, dismissing his claims, and/or imposing filing restrictions of their own. See *Ealy v. Dlott*, No. 1: 15-CV-669-TWP-DKL (S.D. Ind. May 7, 2015); *Olakwesu Elbey v. State of Ohio*, No. 3: 10-CV-141-DPJ-FKB (S.D. Miss. Aug. 26, 2010); *Ealy v. United States*, No. 1: 14-CV-1218-EDK (Ct. Fed. Cl. Apr. 30, 2015). The Court also notes that Ealy has been advised in earlier decisions that some of the claims he sets forth in his present complaint are simply not viable, cf. *Ealy v. Toey*, No. 1: 15-CV-545-GLR (D. Md. March 18, 2016), but he continues to assert them in template complaints he has filed in this and other actions, cf. *Ealy v. Marcelain*, No. 2: 19-CV-826-GCS-KAJ (S.D. Ohio March 7, 2019). The Court need not consider the imposition

of sanctions at this juncture in light of its disposition of this case, but will not hesitate to do so should Ealy's conduct warrant it in the future.

Accordingly, it is **ORDERED** as follows:

1. Ealy's complaint [R. 1] is **DISMISSED**, with prejudice.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This 30th day of April, 2019.

